UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

MATTHEW A. HOLM,

   Plaintiff,

v.               Case No. 13-2086

BUNNY'S OF URBANA, INC. et al.,

   Defendants.

## REPORT AND RECOMMENDATION

  On April 15, 2013, Plaintiff Matthew Holm brought suit against Defendants Bunny's of Urbana, Inc., Randall Lee Danley, Robert Fiscus, the City of Urbana, and Urbana police officer Nathan C. Hills in the Champaign County, Illinois, Circuit Court (Case No. 2013-L-67).  On April 23, 2013, Defendants Hills and the City of Urbana removed the case to federal court.  (#1.)  On June 13, 2013, Plaintiff filed an Amended Complaint (#8) that excused Defendant City of Urbana and added Urbana police officer Susanne Robinson.  On June 20, 2013, Defendant Bunny's filed a Motion to Remand Count I of Plaintiff's Amended Complaint (#10).  On July 3, 2013, Plaintiff filed a response in opposition (#12).

  After careful consideration of the parties' arguments, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Bunny's Motion to Remand **(#10)** be **DENIED**.

### I.  Background

  The following background is taken from Plaintiff's amended complaint and response to Defendant's motion to remand.  On August 11, 2012, Defendants Danley and Fiscus patronized Defendant Bunny's of Urbana, a tavern, and became intoxicated.  At approximately 1:45 a.m., Defendants Danley and Fiscus attacked Plaintiff with knives outside of Defendant Bunny's premises.  Two employees of Defendant Bunny's witnessed the attack and called the police. Defendants Robinson and Hills, City of Urbana police officers, arrived on the scene and arrested

Plaintiff.  Defendants Robinson and Hills transported Plaintiff to Carle Hospital for medical attention.

On the way to the hospital, Plaintiff complained that his handcuffs were too tight.  Upon arriving at Carle, Plaintiff renewed his complaint that his handcuffs were too tight.  Doctors at Carle examined Plaintiff and then released him to the custody of the Urbana police officers.  The police officers then took Plaintiff to the Champaign County Sheriff's office to be booked.  When Plaintiff's handcuffs were removed, it was discovered that the top of his left wrist was lacerated.  The police transported Plaintiff back to Carle Hospital for further medical attention.  After another examination, doctors performed surgery upon Plaintiff to repair the laceration.  The charges against Plaintiff were later dropped.

Plaintiff brings a federal claim alleging that Defendants Robinson and Hills violated his Fourth and Fourteenth Amendment right to be free from excessive force.  Plaintiff also brings state law claims alleging Defendants Danley and Fiscus are liable for battery and Defendant Bunny's is liable under the Illinois Dram Shop Act, 235 ILCS 5/6-21.  The Court now considers its ability to exercise supplemental jurisdiction over the latter claim.

## II.  Supplemental Jurisdiction

Defendant Bunny's argues that Count I, alleging a violation of Illinois Dram Shop Act, should be remanded to state court because this Court cannot, or should decline to, exercise supplemental jurisdiction over the claim.

### A.  Legal Standard

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A claim arises out the same case or controversy when the federal and state claims share "a common nucleus of operative facts" and the claims are such that one would "ordinarily expect to try them all in one judicial proceeding."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see Bd. of*

*Regents of the Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 468 (7th Cir. 2011).

A district court may decline to exercise supplemental jurisdiction over a state court claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008). In deciding whether to exercise supplemental jurisdiction, a district court "'should consider and weigh the factors of judicial economy, convenience, fairness and comity.'" *Sellars v. City of Gary*, 453 F.3d 848, 852 (7th Cir. 2006) (quoting *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

### B. Discussion

Defendant Bunny's argues that this Court cannot not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because Plaintiff's claim against Defendant Bunny's does not form a common case or controversy with Plaintiff's other claims. In particular, Defendant Bunny's asserts that the Illinois Dram Shop Act claim and the basis for the excessive force claims are predicated on different sets of facts and standards of review.

In order to satisfy the "common nucleus of operative facts" standard, the facts involved in the state claim only need to be loosely connected to the federal claim. *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 612 (7th Cir. 2007) (citing *Baer v. First Option of Chi., Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). A common nucleus of operative facts exists as long as the state and federal claims "revolve[] around a central fact pattern." *See Royal Towing, Inc., v. City of Harvey*, 350 F. Supp. 2d 750, 755 (N.D. Ill. 2004) (internal quotation marks omitted).

The Court finds that Plaintiff's Illinois Dram Shop Act claim shares a common nucleus of operative facts with Plaintiff's federal claims. All of Plaintiff's claims revolve around the same central fact pattern—what happened in and outside of Bunny's in the early morning hours of

3

August 11, 2012.  Plaintiff alleges that Bunny's over-served the individuals who attacked Plaintiff, and the police arrived to respond to this attack.  Therefore, the Court may exercise supplemental jurisdiction over Plaintiff's Dram Shop claim.

Defendant Bunny's next argues that the Court should decline to exercise supplemental jurisdiction because Plaintiff's Dram Shop claim raises a novel or complex issue of state law.  In particular, Defendant Bunny's asserts that the claims brought under the Dram Shop Act are uniquely grounded in Illinois statutory law because there is no common law cause of action for injuries arising out of the sale or gift of alcoholic beverages.

The Court finds no reason to decline supplemental jurisdiction over Plaintiff's Illinois Dram Shop Act claim.  First, federal courts have experience administering state law.  *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 917 (N.D. Ill. 2009).  Second, Plaintiff's Illinois Dram Shop Act claim does not raise a novel or complex issue of State law.  Indeed, federal courts have had no trouble interpreting and applying the Illinois Dram Shop Act.  *See, e.g.*, *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010); *Capitol Specialty Ins. Corp. v. Whitaker*, No. 09-CV-92-JPG, 2009 WL 2925440, at *2-6 (S.D. Ill. Sep. 10, 2009); *Ames v. Rock Island Boat Club*, No. 07-CV-4071, 2009 WL 400648, at *3-8 (C.D. Ill. Feb. 17, 2009); *Century Sur. Co. v. John B., Inc.*, No. 04-C-7997, 2006 WL 140551, at *6-7 (N.D. Ill. Jan. 17, 2006).  Third, the interests of judicial economy and convenience weigh heavily in favor of hearing the entire case in this forum.  Trying the case separately in state and federal court will be economically detrimental to both the judicial system and the parties.  Moreover, requiring the witnesses to testify to the same set of facts in two separate proceedings would be extremely inconvenient.  Accordingly, the Court will not decline to exercise supplemental jurisdiction over Plaintiff's Illinois Dram Shop Act claim.[1]

---

[1] In the absence of any objection that removal was defective, the Court does not *sua sponte* consider whether removal was procedurally proper here.  *See In re Continental Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994) (cautioning courts against *sua sponte* remand for procedural defects); *see also Pettitt v. Boeing Co.*, 606 F.3d 340, 342-43 (7th Cir. 2010) (holding that a district court lacks statutory power to enter a remand order absent a timely motion to remand).

### III.  Summary

For the reasons stated above, this Court recommends that Defendant Bunny's Motion To Remand **(#10)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 707 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 13th day of August, 2013.

                                              s/DAVID G. BERNTHAL
                                              UNITED STATES MAGISTRATE JUDGE